IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14 C 8987 ) |
| CITY BUILDERS CONTRACTORS, INC., JUSTIN FOX and 1713 SHEFFIELD, LLC, SALIM LALANI, CAROL LALANI, and NORTH SHEFFIELD PROPERTIES, LLC f/k/a 1715 NORTH SHEFFIELD, LLC | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Because counsel for plaintiff Atlantic Casualty Insurance Company ("Atlantic") had ignored the explicit directive of this District Court's LR 5.2(f) that requires the delivery of a paper copy of the complaint for the assigned judge's use within one business day after filing, this Court waited for more than a week after that filing date before issuing a November 18 memorandum order that mandated such delivery forthwith, coupled with the payment of a $100 fine. Atlantic's counsel complied promptly, but the Complaint for Declaratory Judgment then delivered to this Court's chambers revealed a far more fundamental error on counsel's part.

Because the Complaint seeks to invoke diversity-of-citizenship jurisdiction as Atlantic's ticket of entry to this federal district court, Complaint ¶¶ 1and 2 properly identify the states of incorporation and the principal places of business of Atlantic and the one corporate co-defendant (see 28 U.S.C. § 1332(c)(1)), while Complaint ¶¶ 4 and 5 properly identify the states of

citizenship of the three individual co-defendants.  But the remaining two defendants are limited liability companies, as to which Complaint ¶¶ 3 and 6 allege simply:

> 3.	Defendant, 1713 SHEFFIELD, LLC, is an Illinois limited liability corporation incorporated under the laws of the State of Illinois, having its principal place of business in the State of Illinois, whose members are citizens of the State of Illinois.
>
> 6.	Defendant, NORTH SHEFFIELD PROPERTIES, LLC f/k/a 1715 NORTH SHEFFIELD, LLC, is an Illinois limited liability corporation incorporated under the laws of the State of Illinois, having its principal place of business in the State of Illinois, whose members are citizens of the State of Illinois.

As that language reflects, Atlantic's counsel has spoken there only of facts that are jurisdictionally irrelevant when a limited liability company is involved.  Those allegations ignore more than a decade and a half of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by White Pearl Inversions S.A., v. Cemusa, Inc., 647 F.3d 684, 686 (7th Cir. 2011) and by other cases cited there).  And that teaching has of course been echoed many times over by this Court and its colleagues.

This court has a mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 1005)).  There is really no excuse for counsel's lack of knowledge of such a firmly established principle after that extended period of regular repetition by our Court of Appeals and others.  Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Atlantic's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Atlantic and its counsel jointly obligated to pay a fine of $400 to the District Court Clerk if an appropriate Fed. R. Civ. P 59(e) motion hereafter

provides the missing information that leads to the vacatur of this judgment of dismissal.[1]

Because this dismissal is attributable to Atlantic's lack of establishment of federal subject matter jurisdication, by definition it is a dismissal without prejudice.

                                  /s/ Milton I. Shadur
                                  Milton I. Shadur
                                  Senior United States District Judge

Date: November 25, 2014

---

[1] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turn out to be curable.